UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC HORST RAULFS,<br><br>   Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>   Defendant. | No. 2:17-cv-1805 DB<br><br><br><br>ORDER |

  This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff argues that the ALJ's erred at steps two and three of the sequential evaluation, and improperly rejected plaintiff's subjective testimony. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

**PROCEDURAL BACKGROUND**

  In September of 2014, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 8.)

1

March 27, 2014. (Transcript ("Tr.") at 18, 217-26.) Plaintiff's alleged impairments included hepatitis C, herniated discs, carpal tunnel syndrome, anxiety, and posttraumatic stress disorder. (Id. at 218.) Plaintiff's application was denied initially, (id. at 144-48), and upon reconsideration. (Id. at 153-57.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on August 30, 2016. (Id. at 33-54.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 33-36.) In a decision issued on November 25, 2016, the ALJ found that plaintiff was not disabled. (Id. at 28.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since September 14, 2014, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, status post left clavicle fracture, minimal degenerative joint disease of the right shoulder, bilateral carpal tunnel syndrome, anxiety disorder, attention deficit hyperactivity disorder (ADHD), depression, bipolar disorder and posttraumatic stress disorder (PTSD) (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant cannot climb ladders, ropes or scaffolds, can frequently balance, stoop, kneel, crouch and/or crawl, can occasionally reach overhead with the bilateral upper extremities, can frequently handle and/or finger with the bilateral upper extremities, must avoid concentrated exposure to extreme heat and vibration and can perform simple and detailed tasks in an environment with occasional public contact and no team work assignments.
>
> 5. The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on October 1, 1965 and was 48 years old, which is defined as a younger individual age 18-49, on the date the application was filed. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963).
>
> 7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

2

> 8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since September 14, 2014, the date the application was filed (20 CFR 416.920(g)).

(Id. at 20-28.)

On June 30, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's November 25, 2016 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on August 29, 2017. (ECF No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

3

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion argues that the ALJ committed the following three principal errors: (1) the ALJ erred at step two of the sequential evaluation; (2) the ALJ's treatment of plaintiff's subjective testimony constituted error; and (3) the ALJ erred at step three of the sequential evaluation.[2] (Pl.'s MSJ (ECF No. 19) at 15-21.[3])

**I.     Step Two Error**

At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The Commissioner's regulations provide that "[a]n impairment or combination of impairments is not severe if it does not

---

[2] The court has reordered plaintiff's claims for purposes of clarity and efficiency.

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) & 416.921(b).

The Supreme Court has recognized that the Commissioner's "severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." Yuckert, 482 U.S. at 153. However, the regulation must not be used to prematurely disqualify a claimant. Id. at 158 (O'Connor, J., concurring). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." Smolen, 80 F.3d at 1290 (internal quotation marks and citation omitted).

"[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28); see also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy step two burden where "none of the medical opinions included a finding of impairment, a diagnosis, or objective test results"). "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims[.]'" Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290); see also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal. Feb.11, 2008) (describing claimant's burden at step two as "low").

Here, in connection with a previous application, a prior ALJ found that plaintiff's severe impairments included hepatitis C, sleep apnea, and obesity. (Pl.'s MSJ (ECF No. 19) at 15.) The

1 | ALJ in this action found plaintiff's hepatitis C and sleep apnea to be non-severe and did not
2 | discuss plaintiff's obesity. (Tr. at 20-22.)

"The principles of res judicata apply to administrative decisions . . . . [and] in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, [the claimant] must prove 'changed circumstances' indicating a greater disability." Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988) (quoting Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985)). Here, the ALJ found that plaintiff did show "changed circumstances sufficient to overcome the presumption of continuing non-disability, by alleging new impairments and submitting additional medical records." (Tr. at 18.)

However, even "[w]hen a claimant overcomes the presumption of continuing non-disability . . . a prior ALJ's individual findings are still entitled to some res judicata consideration absent new information not presented to the earlier adjudicator." Draiman v. Berryhill, No. CV 17-747 KS, 2018 WL 895445, at *4 (C.D. Cal. Feb. 13, 2018); see also Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173 (9th Cir. 2008) ("previous ALJ's findings concerning residual functional capacity, education, and work experience are entitled to some res judicata consideration and such findings cannot be reconsidered by a subsequent judge absent new information not presented to the first judge").

In finding plaintiff's hepatitis C and sleep apnea non-severe, the ALJ cited only to evidence that was presented to the prior ALJ. (Tr. at 21-22.) Moreover, the ALJ failed to discuss plaintiff's obesity entirely. The ALJ must consider a claimant's obesity at steps two through five of the sequential evaluation. SSR 02-1p, 2002 WL 34686281 (2002). And the ALJ must also consider obesity in combination with the individual's other impairments. Id.

Social Security Ruling ("SSR") 02-1p directs that "[the ALJ] will not make assumptions about the severity or functional effects of obesity combined with other impairments." Id. Instead, "[the ALJ] will evaluate each case based on the information in the case record." Id. In this regard, "[i]n determining whether a claimant's obesity is a severe impairment, an ALJ must 'do an individualized assessment of the impact of obesity on an individual's functioning." Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005) (quoting SSR 02-1P); see also Browning v.

Colvin, 228 F.Supp.3d 932, 944 (N.D. Cal. 2017) ("the total omission of a claimant's obesity from the disability analysis may constitute reversible error").

Accordingly, for the reasons stated above, the court finds that plaintiff is entitled to summary judgment on the claim that the ALJ erred at step two of the sequential evaluation.[4]

**II.    Plaintiff's Subjective Testimony**

Plaintiff next challenges the ALJ's treatment of plaintiff's subjective testimony. (Pl.'s MSJ (ECF No. 19) at 18-21.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[5] Valentine v. Commissioner Social Sec. Admin., 574

---

[4]  In light of the ALJ's other error, addressed below, the court need not address defendant's argument that any step two error was harmless. (Def.'s MSJ (ECF No. 24) at 21-22.)

[5]  In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes

F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reason explained in [the] decision." (Tr. at 25.) The ALJ then specifically identified what testimony was credible and what testimony undermined plaintiff's complaints. (Id. at 25-27.) Portions of the ALJ's analysis, however, are flawed.

In this regard, the ALJ found plaintiff "registered a global assessment of functioning (GAF) score of 65," which "described an individual with . . . some mild symptoms[.]" (Id. at 25.) But the ALJ also acknowledged that plaintiff "registered GAF scores of 51 and 55." (Id. at 26.) A GAF score of 51-60 indicates "moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflict with peers or co-workers)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 34 (4th ed.) ("DSM-IV).

////

---

clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

8

1    The ALJ found these scores to be "unpersuasive because the mental status examination
2    was essentially normal." (Tr. at 26.) However, a GAF score is determined by a hundred-point
3    scale, consisting of ten categories, measuring a clinician's subjective judgment of a claimant's
4    overall level of psychological, social, and occupational functioning. See American Psychiatric
5    Association, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) 34 (4th ed. 2005).
6    The ALJ went on to find that plaintiff's "allegations of severe back impairment are
7    partially supported by the medical evidence." (Tr. at 26.) One reason the ALJ found plaintiff's
8    allegations only partially supported was the ALJ's finding that plaintiff's "treatment has been
9    essentially routine and/or conservative in nature." (Id.)
10   Plaintiff's treatment, however, included narcotic pain medication and spinal injections.
11   (Id. at 396, 624.) Such treatment cannot be characterized as conservative in nature. See Hydat
12   Yang v. Colvin, No. CV 14-2138 PLA, 2015 WL 248056, at *6 (C.D. Cal. Jan. 20, 2015) ("This
13   Court has previously found that spinal epidural injections are not 'conservative' treatment.");
14   Christie v. Astrue, No. CV 10-3448-PJW, 2011 WL 4368189, at *4 (C.D. Cal. Sept. 16, 2011)
15   ("narcotic pain medication, steroid injections, trigger point injections, epidural shots, and cervical
16   traction . . . . are certainly not what the Court would categorize as conservative").
17   Moreover, the ALJ repeatedly discredited portions of plaintiff's testimony due to a lack of
18   medical evidence to support plaintiff's allegations. However, "after a claimant produces
19   objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's
20   subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged
21   severity" of the symptoms. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Putz v.
22   Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical
23   evidence to demonstrate the severity of her fatigue."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th
24   Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to
25   produce medical evidence supporting the severity of the pain, there would be no reason for an
26   adjudicator to consider anything other than medical findings.").
27   For the reasons stated above, the court finds that the ALJ failed to offer clear and
28   convincing reasons for rejecting all of plaintiff's testimony. Accordingly, plaintiff is also entitled

to summary judgment on the claim that the ALJ's treatment of plaintiff's testimony constituted error.

**CONCLUSION**

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'"[6] Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff asks that this matter be remanded for further administrative proceedings. (Pl.'s MSJ (ECF No. 19) at 22.) Plaintiff's request will be granted.

---

[6] Given the errors already identified the court finds it unnecessary to reach plaintiff's remaining claim. See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 19) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 24) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: March 20, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\raulfs1805.ord